# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHANDA HAZELWOOD,
KIM JACKSON, and
ETHEL WISE,
         Plaintiffs,

    v.                                                 Case No. 06-C-0662

BRUCK LAW OFFICES SC,
         Defendant.

## DECISION AND ORDER

Plaintiffs Chanda Hazelwood, Kim Jackson and Ethel Wise bring this putative class action alleging that defendant Bruck Law Offices S.C. violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by sending them a collection letter on behalf of Northstar Loans, Inc., misrepresenting that they, as payday loan borrowers, were liable for treble damages. Plaintiffs also bring a supplemental state law claim alleging that defendant violated the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 427. Before me now is plaintiffs' motion for class certification.

A party that seeks class certification must satisfy the requirements of Fed. R. Civ. P. 23. Gen. Tel. Co. of the S.W. v. Falcon, 457 U.S. 147, 155 (1982). In determining whether to certify a class, I take the allegations in support of certification as true and do not consider the merits of the claim. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1978). Rule 23 imposes four explicit requirements, i.e., numerosity, commonality, typicality and adequacy of representation, and also requires that one of the subparts of Rule 23(b) be met. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620-21 (1997). In addition, Rule 23 contains an implied requirement that an identifiable class exists. Clarke v. Ford Motor Co., 220 F.R.D.

568, 576 (E.D. Wis. 2004). Rule 23 should be liberally interpreted in favor of the maintenance of class actions. King v. Kansas City S. Indus., Inc., 519 F.2d 20, 25-26 (7th Cir. 1975). Nevertheless, I must engage in a rigorous analysis to ensure that the requirements of Rule 23 are met. Gen. Tel. Co. of the S.W., 457 U.S. at 161.

In the present case, defendant does not dispute that plaintiffs satisfy the numerosity requirement of Rule 23(a)(1) and the adequacy of representation requirement of Rule 23(a)(2), but argues that plaintiffs fail to meet other requirements. I will address each of defendant's contentions.

First, defendant argues that plaintiffs fail to adequately define the class because they include within the class persons who did not receive the letter in question and because they do not limit the class to persons receiving the letter within one year of the date they filed suit so as to comply with FDCPA's one-year statute of limitations. With respect to the first of these objections, the general rule with respect to mail is that mailed letters are presumed received. Rosenthal v. Walker, 111 U.S. 185, 193 (1884); United States v. Freeman, 402 F. Supp. 1080, 1082 (E.D. Wis. 1975). Accordingly, for purposes of class certification I presume that the persons to whom the letter was mailed received it. However, if the evidence indicates that certain persons did not receive the letter, I will exclude them. As to the one-year limitation period, the statute of limitations is an affirmative defense. Thus, I will consider it in connection with the merits of the case. Class members who received the letter outside the one year period will not be able to share in any recovery. Thus, plaintiffs adequately define an identifiable class.

Second, defendant argues that plaintiffs fail to satisfy the requirement of Rule 23(a)(2) that the claims of members of the putative class involve "questions of law or fact common to the class." Generally, plaintiffs may satisfy the commonality requirement by demonstrating

the presence of a single common legal or factual question. Clarke, 220 F.R.D. at 579 (stating that the commonality requirement is not demanding because it may be satisfied by a single common issue). Rule 23(a)(2) generally looks to whether the defendant's conduct is common to class members rather than to whether the result of the conduct is uniform among class members. Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992). In the present case, plaintiffs contend that defendant's mailing of the letter to proposed class members violated the FDCPA. This is a question of law that is common to the class. Thus, plaintiffs satisfy the commonality requirement.

Defendant does not appear to contest that plaintiffs satisfy the requirement of Rule 23(a)(3) that their claims be "typical of the claims . . . of the class," Clarke, 220 F.R.D. at 579, but in any case, plaintiffs satisfy this requirement. The critical inquiry is whether plaintiffs' claims have the same essential characteristics of those of the putative class. Id. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality. Since the claims only need to share the same essential characteristics and need not be identical, the typicality requirement is not highly demanding. Id. In the present case, plaintiffs satisfy the requirement because they received the same collection letter that class members received. See Keele v. Wexler, 149 F.3d 589 (7th Cir. 1998) (stating that mailing a form letter to each member of the proposed class serves as the same course of conduct for typicality purposes).

Turning now to the Rule 23(b) requirements, plaintiffs suggest that certification may be appropriate under both subdivisions (2) and (3). However, certification under Rule 23(B)(2) is only appropriate only where plaintiffs seek primarily injunctive or declaratory relief, and any request for monetary relief is incidental to their effort to obtain equitable relief. Jefferson v. Ingersoll Int'l, Inc., 195 F.3d 894, 898 (7th Cir. 1999). In the present case, it does

not appear that plaintiffs' request for monetary damages is incidental to their request for equitable relief. Therefore, certification under Rule 23(b)(2) is inappropriate.

Defendant argues that certification under Rule 23(b)(3) is improper because plaintiffs do not satisfy the requirement that "questions of law or fact common to the class predominate over any questions affecting only individual members." Defendant argues that the various questions affecting individual members predominate. For the following reasons, I disagree. As previously suggested, the predominant issue in the case is whether defendant's letter violated the FDCPA, and this issue is common to all class members. None of the issues that defendant suggests relate to individuals defeats class certification. First, defendant asserts that different individuals may incur different amounts of damages. However, it is unlikely that the actual damages suffered by class members will vary significantly (plaintiffs have agreed to withdraw their claim for damages for emotional distress), and even if not all individuals incur identical amounts of damages, this possible variation does not defeat class certification. See Hardy v. City Optical, 39 F.3d 765, 771 (7th Cir. 1994). Defendants also argue that some individuals may not have received the letter in question. However, as I previously indicated, this possibility does not undermine the homogeneity of the class or the propriety of class certification. Defendant also argues that some individuals may owe Northstar different amounts than others. Defendant's argument on this point is very unclear, but in any case, the possibility that members of the class may not be in identical relationships with Northstar also does not make a class action inappropriate. Finally, defendant argues that the class members will have to elect whether to pursue federal or state remedies. However, the question of remedies is not a matter for class certification but for a later stage of the proceedings.

Defendant does not expressly argue that plaintiff does not satisfy the requirement of Rule 23(b)(3) that it establish that a class action is superior to other methods of adjudication. However, to the extent that defendant makes the argument impliedly, I reject it. If I denied class action status, many individuals would have to litigate identical issues in individual suits. This would consume many more judicial resources than addressing the question in a single action. Thus, plaintiffs establish that a class action is superior to other methods of adjudication.

Therefore, for the reasons stated,

**IT IS ORDERED** that plaintiffs' motion for class certification is **GRANTED**.

Dated this at Milwaukee, Wisconsin this 25 day of June, 2007.

/s_____
LYNN ADELMAN
District Judge